directing "that in case the purchaser or purchasers shall not comply with the terms of their purchase within thirty days from the date of said sale, that the plaintiffs, or any of the parties to this action, shall have leave to apply during court, or at chambers, for an order of resale of the premises." All parties to the cause consented to this order, and at the sale Russell, one of the parties so consenting, became the purchaser, who failed to comply. Thereupon, after notice to such purchaser, an order of resale was granted by Judge Kershaw, in which he directed one-third to be paid in cash before the biddings were closed. And it being brought to the attention of the court that Charles Whitney, who was not a party to the cause, held a mortgage on a portion of the property senior to plaintiff's mortgage, but junior to a mortgage held by one of the defendants, he refused a motion directing Whitney to be made a party, but ordered "that the sale herein ordered be without prejudice to any rights which may be established by the estate of Charles Whitney in the mortgaged premises."

On appeal by the defaulting purchaser, *held*—

1. That appellant could not object that there was no reference, no report on sales, and no rule served on him to show cause.

2. There is nothing in Rule 53 of the Circuit Court Rules prohibiting a cash payment at the time of the sale.

3. Whitney was not a necessary party, and, besides, his rights are protected. His claim is not such a cloud on the title as the court will regard.

4. Plaintiffs, who were foreign executors, could sue on the bond and mortgage executed to them without obtaining letters testamentary in this State.

Judgment affirmed. Opinion by Mr. Chief Justice Simpson, March 26, 1890. *W. M. Thomas*, for appellant. *Brawley & Barnwell*, contra.

No. 2598. Hardin *v.* Hardin. November Term, 1889. Action by M. L. Hardin against William Hardin for partition, and F. M. Trimmier was made a party defendant upon the allegation that he claimed an interest in, or lien upon, the undivided half interest of William Hardin. Wm. Hardin answered, admitting the allegations of the complaint. Trimmier denied that plain-

tiff had any interest, and asserted his mortgage against his co-defendant to secure a note of $1,200, but this answer was not served upon the defendant Hardin. Plaintiff claimed a half interest in the land under a deed from F. M. Trimmier, whereby, in consideration of $1,635, "paid by William Hardin and M. L. Hardin," he granted, &c., to William Hardin          Hardin," * * * to have and to hold, &c., "unto the said William Hardin and          heirs and assigns forever"—the name of M. L. Hardin not being mentioned, except in the consideration clause. The Circuit Judge (Fraser) held that plaintiff had made out no title to an interest in the land and dismissed the complaint; and he further held that there being no case for partition, he could not decree a foreclosure of Trimmier's mortgage.

On plaintiff's appeal from so much of the decree as affected her rights, this court affirmed the ruling of the Circuit Court and held that "the transaction was incomplete, and that the deed actually conveyed no interest to M. L. Hardin."

Judgment affirmed. OPINION by MR. JUSTICE McGOWAN, March 28, 1890. *Nicholls & Moore,* for appellant. *Carlisle & Hydrick,* contra.

No. 2597. TRIMMIER *v.* HARDIN. November Term, 1889. After the above action of Hardin *v.* Hardin was commenced, but prior to decree rendered, the administratrix of F. M. Trimmier commenced this action against William Hardin to recover on the note of $1,200. The defence was "former suit pending," but, under the charge of the Circuit Judge (Fraser) the verdict was for plaintiff, and this judgment was affirmed on appeal. MR. JUSTICE McGOWAN thought that in the first case there could have been no decree for foreclosure as between the co-defendants, and therefore there was no such other prior action pending as to defeat the recovery on the second action on the note. In this view MR. CHIEF JUSTICE SIMPSON concurred. MR. JUSTICE McIVER concurred in the result upon the ground that this issue was not involved in the former action, inasmuch as Trimmier's answer was not served on William Hardin.

Judgment affirmed. Opinion filed March 28, 1890. *Nicholls & Moore,* for appellant. *Carlisle & Hydrick,* contra.